11-93m-01 (JGM)

AO 93 (Rev 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 3:18 mj 19 (JGM)
)
A forensic image of a Dell Latitude 630 Computer, IRS )
Control Number B83, seized from 100 Grist Mill Rd., )
Simsbury, CT on 4/20/10. )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of ____Connecticut____
*(identify the person or describe the property to be searched and give its location)*:
A forensic image of a Dell Latitude 630 Computer, IRS Control Number B83, seized from 100 Grist Mill Rd., Simsbury, CT on 4/20/10, and currently maintained by the IRS at 150 Court Street, Room 314, New Haven, CT

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment D

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before  __6/4/11__
                                                            *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Joan G. Margolis _____ .
                        *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for _____ days *(not to exceed 30)*.
                                                         ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __5/25/11, 12:50p__          /s/ Judge Joan G. Margolis
                                                                    *Judge's signature*

City and state:   New Haven, CT                             Joan G. Margolis
                                                                    *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 25-7034-0002-LC | Date and time warrant executed: 05/31/11   1130 hours | Copy of warrant and inventory left with: George Francischelli |
| Inventory made in the presence of: George Francischelli | | |
| Inventory of the property taken and name of any person(s) seized: | | |

see attached

*FILED 2018 JAN 10 A 10:42 U.S. DISTRICT COURT NEW HAVEN, CT*

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 06/01/11

_____
Executing officer's signature

Lynn Allen Special Agent
Printed name and title

## ATTACHMENT D

## DESCRIPTION OF ITEMS TO BE SEIZED

For the period of 2006 through the present, all of the following items or records, whether in paper, electronic or other form, relating to Daniel Carpenter, Jack E. Robinson, Donald Trudeau, J. Edward Waesche, Wayne Bursey, Charles Induddi Westcott, Robert Pacini, Andrew Varner, Paul E. Martin, Grist Mill Capital, LLC, Grist Mill Holdings, LLC, Benefit Plan Advisors, LLC, TPG Group, Inc., Caroline Financial Group, Nova Group, Avon Capital, LLC, the Charter Oak Trust Welfare Benefit Plan, the Charter Oak Trust, and the Charter Oak Trust 2009:

    a.    All books and records, including all general ledgers, cash receipts journals, cash disbursement journals, petty cash journals, bank statements, passbooks, cancelled checks, check stubs or registers, deposit tickets, deposit receipts, cashier's checks, money orders, wire transfer documents, invoices, written estimates, receipts, billing statements, contracts, agreements, customer ledger cards, purchases journals, advance payment ledgers, accounts payable ledgers, accounts receivable ledgers, correspondence, memoranda and documents;

    b.    any and all IRS forms and/or U.S. Treasury forms to include Annual Return/Report of Employee Benefit Plan Form 5500, Federal income tax returns, partnership returns, payroll tax returns, Forms W-2, and Forms 1099;

    c.    copies of federal and state income tax returns, including amended federal and state tax returns, as well as any and all records used in, or resulting from, the preparation of federal and state income tax returns;

    d.    records of income and expenses, such as profit and loss statements, financial statements, balance sheets and income and expense journals;

    e.    records involving payments from employers, or from any source, into the Charter Oak Trust or Charter Oak Trust 2009;

    f.    records associated with all insurance policies that were owned at any time by the Charter Oak Trust, whether or not they were subsequently transferred;

    g.    records involving loans, lines of credit, payments, settlement agreements or any financial transactions from Ridgewood Finance, Inc. and/or Ridgewood Finance II, LLC to any of the above entities or related businesses;

h.   correspondence between Waesche, Robinson, Carpenter, Bursey, Westcott, Pacini, and/or Trudeau and/or any other business entities or individuals regarding all payments, debts, withdrawals, loans, new policies, transfers of policies, or other activity involving the Charter Oak Trust or Charter Oak Trust 2009 (whether in paper or electronic format and stored on any computers or computer networks or servers), such as letters, memoranda, emails, mailings, and envelopes.;

i.   all records in whatever form of transfers of ownership of insurance policies;

j.   bank records, including but not limited to cancelled checks, cashier's checks, money orders, statements, deposit tickets, and withdrawal;

k.   bank loan records, including but not limited to loan applications and loan agreements, notes, certificates of deposit, payment records, mortgage statements, mortgage applications, broker accounts, notes receivable, notes payable, stock certificates, account statements, interest and dividend reports, and account activity reports;

l.   documents regarding debts owed and monies due from any of the above-mentioned entities or persons, including bills, foreclosure notices, and past due statements;

m.   documents and records relating to Charter Oak Trust's relationship with any of the above-mentioned entities or persons, including Trust Agreements, Plan Documents, Adoption Agreements, Insurance Policies, Invoices, Payments, Commission Reports, Loan requests, Contracts, and Complaints;

n.   documents and records relating to Charter Oak Trust 2009's relationship with any of the above-mentioned entities or persons, including Trust Agreements, Plan Documents, Adoption Agreements, Insurance Policies, Invoices, Payments, Commission Reports, Loan requests, Contracts, and Complaints;

o.   records, in whatever form, of personal and business activities relating to the operation and ownership of the computer systems, such as telephone records, notes, books, diaries and reference materials;

p.   records, in whatever form, pertaining to accounts held with Internet Service Providers or of Internet use;

q.   In order to search for the items described above that may be maintained in electronic media, law enforcement personnel are authorized to search, copy, image and seize the following items for off site review:

i.   Any computer equipment and storage device capable of being used to commit further, or store evidence of the offenses listed above;

56

    ii.    Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices and optical scanners;

    iii.    Any magnetic, electronic or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-Rs, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, and personal digital assistants;

    iv.    Any documentation, operating logs and reference manuals regarding the operation of the computer equipment, storage devices or software;

    v.    Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched;

    vi.    Any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data;

    vii.    Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data; and

    viii.    Files, records, programs, logs, electronic communications, scanning programs, financial records, hacking software and router configuration software.

NOTE: As used above, the terms records, documents, programs, applications or materials include records, documents, programs, applications or materials created, modified or stored in any form, including electronic media;

**U.S. Department of Labor**
Office of Inspector General
Office of Labor Racketeering
  and Fraud Investigations



# SEARCH WARRANT INVENTORY

Position/Box.: _____ / ____

Subject Name: Charter Oak Trust
Date: 05/31/11 / 06/01/11

Subject Address: 150 Court St, 314 New Haven, CT
Floor/Room No.: _____

Agent(s): SA Mikulka / SA Allen
Case No. 25-7034-0002-LC

Safe: ____  Cabinet: ____  Credenza: ____  Desk: ____  Drawer: ____
Other: ____  Shelf: ____  Table: ____  Wall: ____

## DESCRIPTION OF ITEMS

- Images of the following items:

1. B71 image of RAID ARRAY in Dell Power Edge 2600, S/N 722PB51
2. B72 image of RAID ARRAY in Dell Server, S/N 7YTNQB1
3. B73 image of Dell D600 Laptop Computer (seized from cube 38)
4. B74 image of Dell D800 Laptop Computer, Service Tag 1FRKG61
5. B75 image of Dell D610 Laptop Computer Service Tag DQ21981
6. B76 image of USB thumb drive (seized from cube 33)
7. B77 image of Adaptec External Computer Drive
8. B78 image of hard drive in Dell Optiplex computer, Service Tag GG7Z551
9. B79 image of hard drive in Dell Latitude computer, service tag HF95K11
10. B80 image of Dell GX520 Optiplex Desktop Comp. Service Tag 424PL91
11. B81 - image of Dell Latitude D830 Computer (seized from cube 34)
12. B82 image of generic computer drive in Antec Box labeled "Benistar 508"
13. B83 - image of Dell Latitude 630 Computer

DISTRIBUTION OF COPIES:
White - U.S. Magistrate (Return with Warrant)
Yellow - Inspector (Attach to PS 714)
Pink - Subject Searched
Green - Evidence Custodian

Page 1 of 1 pages